UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

        Plaintiff,

                                    Case Number 04-20013
v.                                  Honorable David M. Lawson

JAVON TYRONE JOHNSON,

        Defendant.

_____ /

## ORDER DISMISSING MOTION FOR CREDIT FOR PRIOR CUSTODY

      The matter comes before the Court on the defendant's motion for credit for time served. The defendant requests that the Court enter an order awarding him credit towards his custody sentence for time he spent detained prior to his sentence. The defendant relies on 18 U.S.C. § 3585(b). However, "the power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons," not the Court. *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) (citing *United States v. Wilson*, 503 U.S. 329, 333 (1992)). The defendant may challenge the decision of the Attorney General only by filing a writ under 28 U.S.C. § 2241. *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993).

      To the extent that the defendant's motion is construed as one under § 2241, it must be dismissed, because it has been brought in the wrong venue. Writs may be considered only by the district court for the district where the defendant is in custody. *Braden v. 30th Judicial Circuit Ct.*, 410 U.S. 484, 495-96 (1973); *Roman v. Ashcroft*, 340 F.3d 314, 318-20 (6th Cir. 2003); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977) ("The habeas corpus power of federal courts over prisoners in federal custody has been confined by Congress through 28 U.S.C. § 2241

to those district courts within whose territorial jurisdiction the custodian is located."). The defendant is currently incarcerated at the Manchester Federal Corrections Institution in Manchester, Kentucky. "[T]he Eastern District of Michigan is not the proper venue to file a § 2241 motion for one incarcerated in [Manchester, Kentucky]." *See United States v. Griffith*, 89 F.3d 836, 1996 WL 316504, at *2 (6th Cir. Jun. 10, 1996). Therefore, the Court will dismiss the defendant's motion without prejudice to his ability to refile a proper request in the proper venue.

Accordingly, it is **ORDERED** that the defendant's motion for credit for prior custody [dkt. #28] is **DISMISSED without prejudice**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: November 6, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 6, 2008.

s/Felicia M. Moses
FELICIA M. MOSES